# In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

TARIREEF WHITE,
    Defendant

Criminal Complaint

CASE NUMBER: 07- 168 M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about August 28, 2007 in the District of Delaware, Defendant TARIREEF WHITE did knowingly possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title _____18_____ United States Code, Section(s) _922(g)(1) and 924(a)(2)._

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
                                   Official Title
on the following facts:

See attached Affidavit

FILED
AUG 28 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Continued on the attached sheet and made a part hereof:   Yes

_____
Tat Shum
Special Agent, ATF

Sworn to before me and subscribed in my presence,

__August 28, 2007__                at __Wilmington, DE__
Date                                              City and State

Honorable Leonard P. Stark
United States Magistrate Judge           _____
Name & Title of Judicial Officer                Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT TAT SHUM

1. Your affiant is Special Agent Tat S. Shum. Your affiant has been a law enforcement officer for over seven years with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules and regulations, policies and procedures, relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, including but not limited to the possession of firearms by persons prohibited, and other laws enforced by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am a graduate of the Federal Law Enforcement Training Center, Glynco, GA, Criminal Investigation Course and the Bureau of Alcohol, Tobacco and Firearms New Professional Training Course. Prior to my employment with ATF, your affiant was employed by the Pennsylvania State Attorney's Office as a State Narcotics Agent and has previously received training and conducted investigations involving the illegal use of firearms. Your affiant was also previously employed by the First Judicial District of Pennsylvania, Common Pleas and Municipal Courts, as a warrant unit investigator for the County of Philadelphia. During the course of my law enforcement career, I have participated in over 100 seizures of firearms and conducted over 150 criminal investigations involving federal firearms violations.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of the below stated firearm occurred on August 28, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below firearm.

4. Your affiant reviewed the computer criminal history information of the Defendant TARIREEF WHITE from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has prior felony convictions for Assault in the First Degree and Possession of a Deadly Weapon during the Commission of a Felony on or about 12/07/98 in the Superior Court of the State of Delaware, crimes punishable by imprisonment for a term exceeding one year.

5. Your affiant also reviewed an ATF office file record and the computer criminal history information of WHITE from the The Enforcement Communications Systems (TECS) and confirmed that the defendant also has a prior federal conviction for Felon in Possession of a Firearm on or about 5/08/03 in the United States District Court, Judicial District of Delaware. WHITE was sentenced to 40 months imprisonment and supervised release. According to the NCIC, his federal probation will not expire until 6/16/08.

6. As stated to me by one or more Wilmington Police Officers with personal knowledge of the above facts, I learned the following: On August 28, 2007, Wilmington Police Officers started to surveil a person that they later identified as the Defendant Tarireef WHITE and observed the Defendant WHITE suspiciously riding on his bicycle with his left hand holding on the bicycle

handle while his right hand was placed in his front waistband area. The Wilmington Police were in uniform and in a marked police car and continued to follow Defendant WHITE. As the officers followed him, WHITE kept looking back and checking on the officers. The officers observed Defendant WHITE accelerate on his bicycle. The Wilmington Police Officers continued to surveil Defendant WHITE and observed Defendant WHITE appeared to hold an unknown item in his waist area. The Wilmington Police Officers believed, that, based upon training, Defendant WHITE'S conduct was consistent with that of persons attempting to hide or conceal illegal firearms while they were in physical motion such as riding a bicycle. As one officer exited his patrol vehicle to attempt to initiate an investigative stop on Defendant WHITE, both Wilmington Police Officers observed Defendant WHITE throw a handgun onto the ground on a sidewalk and flee from the area. From the area in which Defendant Tarireef WHITE threw the firearm, one of the officers immediately recovered a Glock, Model 23, .40 caliber pistol, serial number AVT930US that was loaded with eight rounds of .40 caliber ammunition. The other officer pursued Defendant WHITE, but temporarily lost sight of him in the nearby area. Other assisting officers apprehended Defendant WHITE less than one minute later. The original two Wilmington Police officers observed the person apprehended by the assisting officers and identified him as the person who threw the handgun on the street in Wilmington, DE earlier that morning. That person is Defendant Tarireef WHITE.

7. From training and experience, and your affiant's inspection of the above firearm, your affiant knows that the above - mentioned firearm is a firearm as defined in 18 USC, Chapter 44, Section 921(a)(3). Based upon an engraving mark on the above firearm and your affiant's training and experience, your affiant believes the above firearm was manufactured in the country of Austria and would have crossed a state line before its seizure in Delaware and thus, the firearm would have affected interstate or foreign commerce before its seizure.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate and/or foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Tat S. Shum
Special Agent, ATF


Sworn to and subscribed in my presence
this 28th day of August, 2007

_____
Honorable Leonard P. Stark
United States Magistrate Judge
District of Delaware